[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO REARGUE DENIAL OF PRIOR MOTION FOR SUMMARY JUDGMENT
The court heard argument from the parties as to whether to modify its earlier ruling which denied the motion to grant summary judgment in favor of the defendant, Dr. Allan Frankel. In the complaint on which Dr. Frankel sought summary judgment, plaintiff Sheila Cook alleges that she suffers injuries from professional negligence of Dr. Allan Frankel in his treatment of her dental condition. Specifically, the plaintiff alleges that during the time that he was her dentist from 1988 until sometime after May 8, 1996, but before July 1, 1996 — Dr. Allan Frankel's improper installation of dental bridges and, inter alia, his failure to remedy the improperly installed bridges, caused her to suffer pain, impairment of the integrity of other teeth, digestive problems and emotional distress.
This litigation was commenced on August 5, 1998. It is undisputed that the plaintiff obtained a court-approved standard 90-day extension of the statute of limitations within which to file this malpractice lawsuit.
In his motion for summary judgment Dr. Allan Frankel argued that plaintiff Sheila Cook's complaint against him is barred by the two-year provision of Conn. Gen. Stat. Sec. 52-584, the statute of limitations applicable to this malpractice lawsuit, because a time interval in excess of two years transpired between the time that she discovered the alleged negligence or harm and the time that this action was commenced.
In support of his argument Dr. Allan Frankel raises at least two principal points; 1) that her complaint alleges that she experienced pain and discomfort soon after the bridges were installed in 1994; and 2) that certain of her deposition testimony discloses that in May of 1995 she received a second opinion from another dentist who stated that were he treating her he would remove the bridges and apply partial or implantable prostheses. Accordingly, Dr. Frankel argues that Sheila Cook's discovery of any injury to herself by him occurred no earlier than sometime in 1994 CT Page 4576 but no later than May of 1995, and thus limited the time when she could have brought suit to the two year period, commencing in May of 1995, and expiring in May of 1997 — well before the August 5, 1998 date upon which this litigation was filed.
Plaintiff Sheila Cook counters by arguing that the statutory time limit within which she could bring this lawsuit extended to at least two years from the date when she stopped her treatment with Dr. Frankel for the ". . . malady which [he was] employed to cure . . ." Blanchette v. Barrett,229 Conn. 256, 274 (1994). The plaintiff argues that since she stopped treatment no later than some time after May of 1996 but before July 1 of 1996, and she obtained a 90-day extension, the filing on August 5, 1998 was well within the two-year provision of the statute of limitations.
Thus, the question clearly is whether the plaintiff's knowledge of her pain and discomfort since immediately after May of 1994 — the time of installation of the bridges — and/or her knowledge of a second opinion about diagnosis and treatment obtained from another dentist in May of 1995, and/or her continued treatment with Dr. Frankel until sometime immediately prior to July 1, 1996, establishes that there is not a genuine issue of material fact as to whether the time within which to bring this lawsuit expired prior to its filing on August 5, 1998. Clearly, the mere posing of the question reveals its answer.
The court finds that the trier of fact should be permitted at trial to determine whether when the defendant last saw the plaintiff he owed to her a duty of professional treatment within the time-frame allowed by the statute of limitations applicable to this case.
Accordingly, having considered the arguments presented for and in opposition to the Motion to Reargue, the court declines to reverse its decision which earlier denied the defendant's motion for summary judgment.
_________________________ Clarance J. Jones, Judge